

January 29, 2019

**BY ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:  Thor 680 Madison Ave LLC v. Qatar Luxury Group S.P.C. et ano.
             Docket No. 17-cv-8528 (PGG)(JLC)

Dear Judge Gardephe:

      This firm represents plaintiff Thor 680 Madison Ave LLC ("Thor"), and I write to request a pre-motion conference in connection with an anticipated Rule 15(a) motion to amend the complaint.  Plaintiff wishes to plead an alternative damages theory in connection with a breach of a commercial lease, available under Section 19.3 of the lease.  Defendant Qatar Luxury Group S.P.C. ("QLG") refuses to consent to the proposed amendment on the sole ground that "Thor elected its remedy and is now precluded as a matter of law from seeking damages under [Section] 19.3."[1]  QLG is badly mistaken.  It is well established that a party is *not* required to choose between otherwise inconsistent remedies arising out of the same wrong *until trial*. (Thor has provided QLG with extensive legal authority for this proposition but QLG still declines to consent, without giving any explanation or contrary authority.)  Notably, QLG has not contended -- nor could it -- that it will be unduly prejudiced by the amendment, or that Thor has acted in bad faith or with dilatory motives.  Thus, Thor should be granted leave to amend the complaint, consistent with the policy expressed in Rule 15(a) that leave "shall be freely given when justice so requires."

      If a plaintiff has at least colorable grounds for relief, justice requires granting it leave to amend unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.  Foman v. Davis, 371 U.S. 178, 182 (1962); S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Dvpmt. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979). A court measures futility under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Dubai

---

[1] The proposed amended complaint includes other legal and factual allegations, which QLG has agreed may be pleaded in an amended complaint.

450 Seventh Avenue ◆ 33rd Floor ◆ New York, New York 10123  |  (212) 244-9000  |  www.trial-lawyer.org



Hon. Paul G. Gardephe, U.S.D.J.
January 29, 2019
Page 2

Islamic Bank v. Citibank, N.A., 256 F.Supp.2d 158, 162 (S.D.N.Y 2003) (citing Nettis v. Levitt, 241 F.3d 186, 194 & n. 4 (2d Cir. 2001)).[2]

Under settled New York law, a party is free to advance inconsistent theories in pleadings and not required to elect between them until trial, at a time during trial within the judge's discretion. Wilmoth v. Sandor, 259 A.D.2d 252, 254, 686 N.Y.S.2d 388, 390 (1st Dept. 1999); Baratta v. Kozlowski, 94 A.D.2d 454, 464, 464 N.Y.S.2d 803, 809-810 (2d Dept. 1983). See also TVT Records v. Island Def Jam Music Group, 250 F.Supp.2d 341, 348 (S.D.N.Y 2003) (election between equitable and monetary relief can occur after verdict); Vista Co. v. Columbia Pictures Industries, Inc., 725 F.Supp. 1286 (S.D.N.Y 1989) ("clear" that election between rescission of contract and damages may take place after trial).

Here, the two damages theories are not even inconsistent, but are two different ways of making the landlord whole for the lost income stream under the Lease. Presently, Count II[3] seeks recovery of damages against QLG for the loss of rent pursuant to Section 19.2 (which entitles landlord to damages measured by the amount of rent that would have been received from the tenant each month, less the net rent actually received from any replacement tenant). This remedy is based on actual experience, and would require multiple, periodic lawsuits throughout what would have been the Lease term (expiring in November 2029). The proposed amended complaint seeks to plead damages pursuant to the alternative damages remedy in Section 19.3, which is a present value calculation based on the difference between the contractual lease payments and the rental value at the time of the breach, both discounted to present value using Citibank's prime rate plus 4%. Under this method, only a single lawsuit is necessary. Clearly, Thor has not irrevocably made an election of remedies merely because thus far, it has pleaded damages under Section 19.2. While Thor is not entitled to a judgment on both grounds, it is certainly entitled to proceed on both theories at this juncture, and make an election at or after trial.

---

[2] A Rule 12(b)(6) motion may be granted only if it appears that the plaintiff can prove no set of facts that would entitle it to relief, while making all reasonable inferences in plaintiff's favor and taking the complaint's allegations as true. Dubai, 256 F.Supp.2d at 162.

[3] Count I of the Complaint seeks recovery of damages against QLG (the lease guarantor) for breach of tenant's agreement (in Section 1.3 of the lease) to build out certain leased premises on Madison Avenue and open for business by a specified date. Count III seeks to pierce the corporate veil of tenant and QLG, and hold defendant Qatar Foundation For Education, Science and Community Development directly liable on Thor's claims.



Hon. Paul G. Gardephe, U.S.D.J.
January 29, 2019
Page 3

QLG cannot possibly claim prejudice. QLG has not deposed Thor, nor has expert discovery taken place. Notably, the only reason QLG has given for refusing to consent -- Thor's purported election of damages under Section 19.2 as its remedy -- contradicts well-settled law. In short, there is no justification for precluding Thor from pleading the alternative damages remedy.

Accordingly, Thor respectfully requests that the Court schedule a pre-motion conference in connection with a Rule 15(a) motion to amend the complaint.

Respectfully,

Joseph Lee Matalon

cc: Aneca Lasley, Esq. (via ECF)