

Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215

O  +1 614 365 2700
F  +1 614 365 2499
squirepattonboggs.com

Aneca E. Lasley
T  +1 614 365 2830
aneca.lasley@squirepb.com

January 31, 2019

**BY ECF AND FACSIMILE**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

    Re:    Thor 680 Madison Ave LLC vs. Qatar Luxury Group S.P.C., *et al.*
           U.S. District Court, Southern District of New York, Case No. 17-cv-08528 (PGG) (JLC)
           Response to Thor's Request For Pre-Motion Conference

Hon. Paul G. Gardephe:

       This law firm represents Defendant Qatar Luxury Group, S.P.C. ("QLG") in the above-referenced action, and writes in response to Plaintiff Thor 680 Madison Ave LLC's ("Thor") letter requesting a pre-motion conference in anticipation of a Rule 15(a) motion to amend the complaint. Thor's request for leave to file a motion to amend should be denied for two reasons. First, Thor has not shown good cause under Fed. R. Civ. P. 16 for this late amendment. Second, the proposed amendment is futile and in bad faith, as Thor elected its remedy in February 2016, when it elected to withdraw unpaid rent from a letter of credit provided as security under the Lease on a monthly basis.

I.    Relevant Facts

       The Lease contains two alternative damages provisions at Sections 19.2 and 19.3. Section 19.2 states:

> In the event of a termination of this Lease, Tenant shall pay to Landlord, as damages, at the election of Landlord, sums equal to the aggregate of all Additional Rent that would have been payable by Tenant had this Lease not terminated, payable upon the due dates therefor specified herein until the date hereinbefore set forth for the expiration of the Term; provided, however, that if Landlord shall relet all or any part of the Premises for all or any part of the period commencing on the day following the date of such termination and ending on the date hereinbefore set forth for the expiration of the Term, Landlord shall credit Tenant with the net rents received by Landlord from such

47 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

BY ECF AND FACSIMILE

Thor 680 Madison Ave LLC vs. Qatar Luxury Group S.P.C., et al.
January 31, 2019

reletting, when received, net of expenses incurred or paid by Landlord in terminating this Lease and re-entering the Premises and securing possession thereof, as well as the expenses of reletting, including altering and preparing the Premises for new tenants, brokers' commissions, and all other expenses properly chargeable against the Premises and the rental therefrom in connection with such reletting[.]

Section 19.3 states:

As an alternative to the remedy set forth in Section 19.2, Landlord may recover from Tenant, as liquidated damages, in addition to any unpaid Rent accrued to the date of such termination, an amount equal to the difference, for the unexpired portion of the term hereof, between: (1) the aggregate of all Rent reserved hereunder; and (2) the then fair and reasonable rental value of the Premises as proven by Tenant, both discounted to present worth at the rate of four (4%) percent per annum over the prime commercial lending rate at the time announced by Citigroup to be in effect at its principal office in New York City.

[...]

In determining the reasonable value of the Premises, the Rent realized by re-letting, if such re-letting be accomplished within a reasonable time after such dispossession or termination, shall be deemed prima facie to be the reasonable rental value.

In connection with the Lease, QLG provided a $12 million letter of credit as security. Thor terminated the Lease effective December 23, 2015. In February 2016, Thor elected the remedy provided under Section 19.2, and withdrew on a near-monthly basis the Fixed Rent and Additional Rent due under the Lease until the letter of credit was exhausted in July 2017.[1]

Thor filed suit on November 3, 2017, asserting breach of contract claims, but did not plead the existence of either contractual remedy. (*See* ECF No. 1). On April 19, 2018, the Court issued a Civil Case Management Plan and Scheduling Order setting a deadline of May 19, 2018, for the parties to file a motion to amend their pleadings. (ECF. No. 22 at 1). On May 29, 2018, with consent of QLG, (ECF No. 23), Thor filed an amended complaint seeking the remedy provided by Section 19.2 of the Lease, as it had previously elected. (ECF No. 24 at ¶ 65.) Fact discovery is set to close on March 18, 2019, and expert discovery is set to close on April 12, 2019. (ECF No. 44.)

II.     Thor Has Not Demonstrated Good Cause To Modify Count II Under Fed. R. Civ. P. 16(b)(4).

---

[1] As QLG will explain in more detail below, discovery has shown that Thor was entitled to withdraw only Additional Rent subject to the credits and offsets described in Section 19.2.

Squire Patton Boggs (US) LLP

**BY ECF AND FACSIMILE**

Thor 680 Madison Ave LLC vs. Qatar
Luxury Group S.P.C., et al.
January 31, 2019

Where "a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause to modify the deadline under Rule 16." *Charter Communs., Inc. v. Local Union No. 3*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (citing *BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 195 (2d Cir. 2017). "[T]he movant must show that the deadlines [could not] be reasonably met despite its diligence." *Id.* (citation omitted). If a proposed amendment is based on "information that the party knew or should have known prior to the deadline, leave to amend is properly denied." *Soroof Trading Dev. Co. Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012). Courts may also consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), but "the absence or minimal nature of prejudice to the non-moving party does not trump the movant's lack of good cause under Rule 16." *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 11-CV-726, 2012 U.S. Dist. LEXIS 89388, at *29 (S.D.N.Y. June 27, 2012).

Thor did not act diligently with respect to electing, let alone pleading damages under Section 19.3 as an alternative remedy. Thor initially neglected to plead *either* of its two available remedies under the Lease. Thor then amended its complaint on May 29, 2018, and pleaded only its elected remedy under Section 19.2. It cannot be disputed that Thor knew of the availability of Section 19.3 as a potential remedy when it filed suit, as it is a clear and unambiguous Lease provision. This new claim "is based on information that [Thor] knew, or should have known, in advance of the deadline sought to be extended." *Charter Communs., Inc.*, 338 F. Supp. 3d at 256 (further citation and internal quote marks omitted). Thor has provided no reason it could not have amended its complaint to assert this alternative remedy at some earlier date.

QLG would also be prejudiced if this amendment were permitted. Thor has refused to provide discovery relevant to the reasonableness of its re-letting, stating that such reasonableness is not and could not be at issue in this litigation. Now, after nine and a half months of blanket refusals to provide relevant discovery, and weeks before discovery closes, Thor is attempting to put the reasonableness of its re-letting into issue.

Section 19.3 of the Lease states that "the Rent realized by re-letting, if such re-letting be accomplished within a reasonable time after such dispossession or termination, shall be deemed prima facie to be the reasonable rental value." Where a *prima facie* value of damages exists, "it devolves upon the defendant to show that [damages are] in fact of less value." *Office of the Comptroller General of Republic of Bolivia v. Int'l Promotions & Ventures, Ltd.*, 618 F. Supp. 202, 209 (S.D.N.Y. 1985) (further citation omitted). And determining the discounted present value of future rental income also requires expert testimony. *See, e.g., In re Andover Togs*, 231 B.R. 521, 534 (Bankr. S.D.N.Y. 1999) (expert retained to determine net present value of future rental income under a terminated commercial retail lease). Thor's proposed amendment would cause QLG to not only have to deal with "complex legal and factual issues . . . which were not present before the amendment," *Kovian v. Fulton Cnty. Nat'l Bank & Trust Co.*, 86-CV-154, 1992 U.S. Dist. LEXIS 7023, at *6 (N.D.N.Y. May 13, 1992), it would require QLG to expend the time and money to retain at least one additional expert, and to yet again seek discovery that Thor repeatedly stated was not relevant to this litigation.

Squire Patton Boggs (US) LLP

**BY ECF AND FACSIMILE**

Thor 680 Madison Ave LLC vs. Qatar
Luxury Group S.P.C., et al.
January 31, 2019

III.   Thor's Proposed Amendment To Count II Is Futile And In Bad Faith[2]

Thor fundamentally misstates the facts and law applicable to their proposed amendment of Count II. Thor is not merely pleading two alternative remedies without having chosen either. Thor elected its remedy in February 2016 when, after terminating the Lease, it began drawing unpaid rent from a $12 million letter of credit on a monthly basis, consistent with Section 19.2 of the Lease and inconsistent with Section 19.3 of the Lease. Thor sued only after it exhausted the letter of credit in July 2017, and amended its complaint in May 2018 to correspond to its elected remedy. The proposed amendment to Count II is both futile, as Thor elected its remedy prior to filing suit, and in bad faith, as Thor knew of the purportedly available alternative remedy at the time it filed suit.

A motion to amend may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

Where "[t]he language of the contract gave two remedies by the use therein of the disjunctive [and] plaintiff elected to take one remedy, he [may] not pursue the other." *Am. Soda Fountain Co. v. Najarian*, 195 N.Y.S. 555, 557 (Sup. Ct. 1922). In a case involving "one remedy having been made and acted upon" prior to suit, the election is "final and the right to follow the other has gone." *Heating & Plumbing Fin. Corp. v. Friedman*, 264 N.Y. 285, 289 (1934); *see also Shipley Construction & Supply v. Mager*, 150 N.Y.S. 969 (App. Div. 1914) (holding same); *Adar Bays, LLC v. 5Barz Int'l, Inc.*, 2018 U.S. Dist. LEXIS 139843, at *36 (S.D.N.Y. Aug. 16, 2018) (noting that the plaintiff elected a remedy different from the pleaded remedy prior to suit, and barring attempt to elect new remedy). It is wholly implausible that Thor is permitted to elect a new remedy after previously electing Section 19.2 and recovering twelve million dollars.

Further, the proposed amendment to Count II is brought in bad faith because it "concern[s] facts clearly within the plaintiff's knowledge when previous complaints were filed," as set forth above. *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 U.S. Dist. LEXIS 21900, at *20 (S.D.N.Y.

---

[2] QLG also contends that Count I of the Complaint should be dismissed for failure to state a plausible claim for relief. (*See* ECF No. 46). The proposed amended complaint does not substantively change Count I or QLG's arguments for dismissal of Count I.

[3] Thor argues in its letter motion that a Rule 12(b)(6) motion may "be granted only if it appears that the plaintiff can prove no set of facts that would entitle it to relief[.]" (ECF No. 47 at 2 (citing *Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003)). This is no longer the standard applicable to Rule 12(b)(6) motions. To the extent Thor's argument against futility rests on this standard, the amendment should be denied.

Squire Patton Boggs (US) LLP

**BY ECF AND FACSIMILE**

Thor 680 Madison Ave LLC vs. Qatar Luxury Group S.P.C., *et al.*
January 31, 2019

Mar. 9, 2010); *see also Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796, 1991 U.S. Dist. LEXIS 7169, at *3 (S.D.N.Y. May 24, 1991). Where a party asserts a "new theory of recovery" that was "within the [plaintiff's] knowledge at the time the earlier complaints were drafted," that new pleading is likely to cause "substantial prejudice to the other parties." *Reisner v. GM Corp.*, 511 F.Supp. 1167, 1172 (S.D.N.Y. 1981).

Thor's bad faith is further supported by the discovery in this case, which shows that Thor's proposed amendment is an attempt at a do-over in order to recover more damages. After electing the remedy contained in Section 19.2, Thor withdrew amounts roughly every month equal to monthly Fixed Rent, as defined in Section 2.1(A) of the Lease, and Additional Rent, defined in Section 2.1(B) of the Lease as "all sums of money, other than Fixed Rent, as shall become due and payable . . . under or pursuant to this Lease." However, Section 19.2 explicitly limits Thor's remedy to "all *Additional Rent* that would have been payable by Tenant had this Lease not terminated." Discovery has unequivocally shown that the parties engaged in detailed negotiations regarding the contents of the Lease, including Section 19.2, and the parties intended to limit Thor's recovery under Section 19.2 to Additional Rent. Section 19.3 is not limited to Additional Rent, and may entitle Thor to more damages than Section 19.2. Thor now wishes to pretend it did not make the choice it is bound to, despite already recovering twelve million dollars.[4]

IV. Conclusion

Thor elected the remedy set forth in Section 19.2 of the Lease in February 2016. Thor now proposes to amend Count II to seek an unavailable alternative remedy, fifteen months after it filed suit, eight months to the day after it previously amended Count II, and mere weeks before fact and expert discovery close. Thor has failed to show good cause for its delay under Rule 16, and the amendment is futile and brought in bad faith based on Thor's prior election of remedy under Rule 15. Accordingly, we respectfully request that the Court deny Thor's request to file a motion to amend either in lieu of or at the pre-motion conference.

We respectfully thank the Court for its attention to this matter.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*Aneca E. Lasley*

Aneca E Lasley

cc: counsel of record (via ECF)

---

[4] With regard to the remainder of the proposed amended complaint, QLG does not agree with the additional factual allegations, but will address them in its answer. QLG takes no position as to the amended Count III, which is asserted solely against a party that Thor has failed to serve since it filed suit in November 2017.