**MATALON PLLC**
**450 Seventh Avenue, 33rd Floor**
**New York, New York 10123**
**Tel: (212) 244-9000**
**Email: nycourts@trial-lawyer.org**
   *Attorneys for Plaintiff*


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**THOR 680 MADISON AVE LLC,**                               :
                                                            :   **Case No.:  1:17-cv-08528 (PGG) (JLC)**
                              **Plaintiff,**                :
         **v.**                                             :
                                                            :
**QATAR LUXURY GROUP S.P.C., and**                          :
**QATAR FOUNDATION FOR**                                    :
**EDUCATION, SCIENCE AND**                                  :
**COMMUNITY DEVELOPMENT,**                                  :
                                                            :
                              **Defendants.**               :
------------------------------------------------------------x

**AFFIRMATION OF JUSTIN A. XENITELIS IN OPPOSITION TO DEFENDANT**
**QATAR LUXURY GROUP S.P.C.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

   **JUSTIN A. XENITELIS** affirms as follows:

   1.      As stated in my prior affirmation in this matter, dated May 20, 2019, I am the

General Counsel of Thor Equities LLC ("Thor Equities").  I make this affirmation in opposition

to the motion by defendant Qatar Luxury Group S.P.C. for partial summary judgment.   I am

familiar with the facts and circumstances stated below.

   2.      To avoid needless repetition, I hereby adopt and incorporate by reference my prior

affirmation.  There is, however, one additional point I wish to make in opposition.  In  particular,

I understand that defendant is arguing that Thor somehow "elected" one of the contractual lease

remedies provisions (Section 19.2) to the exclusion of another (Section 19.3) by reason of the

manner in which plaintiff drew upon the letter-of-credit security deposit.  To the contrary, Thor intended to -- and did --  keep its options open.

3.     The Lease required Tenant to provide a $12 million letter of credit as security for Tenant's performance under the Lease.  (Lease § 28.1)  Landlord was entitled to draw down on the *entire* letter of credit for even a single rent or other default (after the expiration of applicable notice and cure periods), and use, apply or retain the proceeds to the extent required for the payment of any monetary amounts of which Tenant may be in default, or any damages or deficiency accrued before or after re-entry by Landlord. (Lease § 28.1)

4.     Critically, the Lease did not require Thor to elect between the alternative damage remedies in Section 19.2 and 19.3 when it drew upon the Letter of Credit.[1]  As a result, prevailing New York law applies, and as discussed in Thor's opposition memorandum, that law allows Thor to defer choosing its damages remedy until it has the information necessary to make an intelligent and deliberate choice between Section 19.2 and 19.3. Thor cannot make an such an intelligent choice until the Court determines whether damages under Section 19.2 include Fixed Rent (*i.e.*, whether the Court grants reformation), and determines the fair and reasonable value of the Premises for purposes of Section 19.3.

5.     Accordingly, instead of drawing down the entire letter of credit all at once, as was its right, plaintiff made periodic draws in amounts that did not materially exceed the balance of past-due rent at any given time.  Between January 28, 2016 and July 6, 2017, Thor made 19 separate draws on the Letter of Credit.  Such drawings were not intended to be, and were not, a

---

[1]Under Section 19.2, damages accrue monthly based on the rent that would have been payable, with a deduction for the rent (net of applicable expenses) actually received from a replacement tenant.  By contrast, Section 19.3 provides for liquidated damages payable in a lump sum under a present-value formula set forth therein.

binding "election of remedies" that would foreclose Thor from invoking Section 19.3 at trial if

that results in greater damages than Section 19.2.   (In either case, Tenant will be entitled to a

$12 offset against the final damages determination.)   Indeed, the periodic manner in which Thor

drew down is consistent with preserving the election until trial, rather than having made an

irrevocable election..  Defendant would have had a better argument (although still not a winning

one) if Thor had drawn down and taken the entirety of the letter of credit at one time, thereby

conceivably suggesting a preference for the lump sum available under 19.3.  But that is not what

occurred here..

       I AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE

AND CORRECT.

Dated: June 20, 2019

                                       JUSTIN A. XENITELIS