

Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215

O    +1 614 365 2700
F    +1 614 365 2499
squirepattonboggs.com

Aneca E. Lasley
T    +1 614 365 2830
aneca.lasley@squirepb.com

September 3, 2020

**SUBMITTED BY ECF AND FACSIMILE**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007
Phone: (212) 805-0224
Fax: (212) 805-7986

      Re:   *Thor 680 Madison Ave LLC v. Qatar Luxury Group S.P.C., et al.*, 1:17-cv-08528 U.S.D.C., Southern District of New York (Foley Square)

Dear Judge Gardephe:

      On behalf of Defendant Qatar Luxury Group S.P.C. ("QLG"), we write to address the status of this case—namely, three specific and critical issues regarding the timing and scope of this litigation and pending trial.

      First, on May 1, 2019, the Court entered a Memo Endorsement of an April 18, 2019 letter submitted by QLG, in which the parties indicated that they wished to conduct expert discovery after the pending motions for summary judgment were decided and the scope of triable issues was determined.  [ECF No. 64.]  The Memo Endorsement stated that "[t]he schedule for expert discovery will be set once the parties' summary judgment motions are resolved." [*Id*.]  On May 27, 2020, the Court resolved the pending motions for summary judgment.  [ECF No. 90.]  In that Order, the Court set the trial date for October 5, 2020, with pretrial motions, voir dire, and requests to charge due on September 7, 2020.  [*See id.*]  However, no schedule for expert discovery has been set to date.  QLG respectfully requests that the Court issue a schedule for expert discovery prior to trial, and that the pretrial and trial dates be moved accordingly.

      Second, QLG's counterclaims [ECF No. 65], initially filed on May 9, 2019, are still pending the Court's approval.  After Thor amended its lawsuit for a second time [ECF No. 63], QLG timely answered and asserted counterclaims for breach of contract and unjust enrichment

47 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

based on Thor's excessive withdrawals from a letter of credit provided in conjunction with the underlying lease. On May 14, 2019, plaintiff Thor 680 Madison LLC ("Thor") challenged QLG's assertion of counterclaims, contending that QLG was required to seek leave to file the counterclaims, lacked standing, and that the counterclaims were futile and/or prejudicial. [ECF No. 66.] QLG responded on May 17, 2019, noting that it was permitted as of right to file both an answer and counterclaims in response to an amended complaint such as Thor's, and that QLG had standing to assert its claims, which were neither futile nor prejudicial. [ECF No. 67.] The Court held an in-person status conference on May 23, 2019, during which it noted under New York law, a parent such as QLG would have standing to assert a claim on behalf of its subsidiary (in this case, the tenant). The Court then stated that it would address QLG's ability to pursue its counterclaims after the motions for summary judgment were addressed. Accordingly, QLG respectfully asks the Court to allow QLG to pursue its counterclaims.

Finally, Thor has indicated to QLG that it wishes to withdraw its jury demand [*see* ECF No. 63 at 18], because it does not believe that the remaining issues (which constitute all of its claims as well as QLG's counterclaims) are triable by jury. This is despite the fact that the Court repeatedly determined that Thor's remaining claims are suitable for determination by a jury. [*See* ECF No. 90 at 15, 16, 20, 21, 30 n.11, 37, and 37 n.13 (determining that each remaining issue should be submitted to a jury)].

Under the Federal Rules of Civil Procedure, a jury demand "may not be withdrawn without the consent of the parties." Fed. R. Civ. P. 38(d). Thor has sought a jury trial on all issues so triable [ECF No. 63 at 18], mirroring the broadest possible jury demand contemplated under the Federal Rules. *See* Fed. R. Civ. P. 38(c) ("a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable.") Where a party fails to specify particular issues it wishes to have tried to a jury, a demand for a jury trial is "deemed to apply to all issues in [the] matter." *Dorsey v. Venard*, 2018 U.S. Dist. LEXIS 233331, at *2 (N.D.N.Y. Mar. 12, 2018). The jury trial must be on all issues so demanded unless (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that for some or all of those issues there is no federal right to a jury trial. Fed. R. Civ. P. 39(a). QLG does not consent to the withdrawal of Thor's jury demand, and the Court has already determined that there is a federal right to a jury trial as to all of Thor's remaining claims.

QLG was also permitted to rely on Plaintiff's unambiguous, global jury demand in asserting its counterclaims as a matter for trial by jury without making a superfluous additional demand. "[C]ourts will not require the formal making of a superfluous second demand, nor will they penalize a party who has reasonably relied on an existing demand." *Rosen v. Dick*, 639 F.2d 82, 91 (2d Cir. 1980). A second demand is superfluous where the first demand "cover[s] issues pertinent to a second party." *Id.* at 92. Put another way, a party's jury demand is effective as to "all the issues that concern the demanding party" and "no other demand need be made by any party as to those issues." *Id.* (citing 5 Moore's Federal Practice P. 38.45 at 38-391). Thor's jury demand unquestionably covered issues pertinent to QLG, and QLG's counterclaims concern amounts recoverable from Thor that arise from the same issues Thor sought to have tried by a jury. For

these reasons, QLG additionally and respectfully requests that the Court confirm that all remaining issues are to be tried by jury.

QLG's counsel is available to discuss the issues set forth in this letter at the Court's convenience.

Dated: September 3, 2020

Respectfully submitted,

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Aneca E. Lasley*
Aneca E. Lasley
Christopher F. Haas
Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone: 614-365-2700
Facsimile: 614-365-2499
Email: aneca.lasley@squirepb.com
Email: christopher.haas@squirepb.com

*Attorneys for Defendant Qatar Luxury Group, S.P.C.*

cc:   All counsel of record via ECF notice